# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


August 22, 2018

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Sanchez Montenegro et al. v. NMN Food LLC et al.*
Case No. 18-cv-03153-RA

Your Honor:

This office represents Plaintiff Neil Sanchez Montenegro ("Plaintiff Montenegro") in the above-referenced matter. We submit this letter, together with Defendants' consent, to respectfully request that the Court approve the settlement reached between Plaintiff Montenegro and Defendants NMN Food LLC and Sharon Hoota (the "Defendants," and together with Plaintiff, the "Settling Parties").

The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The Settling Parties represent to the Court that while the Plaintiff Montenegro believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

Plaintiff Montenegro was employed by Defendants doing delivery work at a restaurant owned by Defendants, located at 768 9th Avenue, New York, NY 10019.

Plaintiff Montenegro was employed by Defendants from approximately January 2016 until on or about March 30, 2018. From approximately January 2016 until on or about April 2016, Plaintiff Montenegro worked as a delivery worker approximately 40 hours per week. From approximately April 2016 until on or about October 2016, Plaintiff Montenegro worked as a delivery worker approximately 60.5 to 61.5 hours per week. From approximately November 2016 until on or about March 30, 2018, Plaintiff Montenegro worked as a delivery worker approximately 38.5 hours per week. Throughout his employment with Defendants, Plaintiff Montenegro was paid his wages by check.

From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff Montenegro $7.50 per hour and $11.25 to $12.00 for some of his overtime hours. From approximately January 2018 until on or about March 30, 2018, Defendants paid Plaintiff Montenegro $8.65 per hour.

Plaintiff Montenegro therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegations.

After weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $20,000.00 which will be paid as outlined in **Exhibit A**. Plaintiff Montenegro alleges he is entitled to back wages of approximately $13,429.18. Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $47,135.04, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $20,000, to be paid over a period of fourteen months. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to both Plaintiff Montenegro's attorneys and Plaintiff Montenegro himself.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff Montenegro. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring the costs or encumbrance of lengthy litigation. The Twenty Thousand Dollars ($20,000.00) that Plaintiff Montenegro will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiff Montenegro would recover if Defendants were to successfully utilize its documentation to prove that Defendants paid Plaintiff in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

**Plaintiff Montenegro's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff Montenegro's counsel will receive $6,666.67, reflecting less than what is identified in the Plaintiff Montenegro's retainer agreements, which provides that forty percent of the Plaintiff Montenegro's recovery will be retained by the firm.

The amount provided to the Plaintiff Montenegro's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff Rubio's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff Rubio's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

> Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff Montenegro has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff Montenegro has been represented by counsel throughout this lawsuit, and Plaintiff Montenegro's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff Montenegro's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks*, we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc: Sharon Hoota (via e-mail)
*Defendant*