USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEIL SANCHEZ MONTENEGRO,
*individually and on behalf of others similarly situated*,

                Plaintiff,

v.

NMN FOOD LLC d/b/a HUMMUS KITCHEN, SHARON HOOTA, PFER COHEN, ODET DOE and ASHLEY DOE,

                Defendants.

No. 18-CV-3153 (RA)

MEMORANDUM OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Neil Sanchez Montenegro brought this action against Defendant NMN Food LLC, a Mediterranean Restaurant doing business under the name "Hummus Kitchen," and its alleged owners, managers, principals or agents—Defendants Sharon Hoota, Pfer Cohen, Odet Doe, and Ashley Doe, *see* Compl. ¶¶ 2-3 (Dkt. 1)—for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Now before the Court is an application for approval of a settlement agreement as between Plaintiff Montenegro and Defendants NMN Food LLC and Sharon Hoota ("Defendants").[1] For the reasons set forth below, the Court grants the application.

---

[1] Plaintiff's Complaint names four individual Defendants: Sharon Hoota, Pfer Cohen, Odet Doe, and Ashley Doe. *See* Compl. Sharon Hoota is the only individual Defendant that is named as a party to the Settlement Agreement, however. *See* Settlement Agreement and Release (Dkt. 20-1). The joint stipulation of dismissal with prejudice attached to the Settlement Agreement names Hoota and Cohen as individual Defendants, omitting Odet Doe and Ashley Doe from the caption, but is signed by Hoota, only. *See* Settlement Agreement and Release, Exs. A–B.

The Court addresses four aspects of the proposed settlement agreement: (1) the settlement amount, (2) attorneys' costs and fees, (3) the release provision, and (4) the non-disparagement provision. The Court finds that each of these, and the settlement as a whole, is fair and reasonable.

### A. Settlement Amount

Under the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $20,000.00. *See* Settlement Agreement and Release ¶ 1. Of the total $20,000, one-third ($6,666.66) represents payment for any and all unpaid minimum wage and other wages under the FLSA and NYLL; another third ($6,666.67) represents payment for alleged liquidated damages and penalties under the FLSA and NYLL; and the final third ($6,666.67) represents payment for Plaintiffs' attorneys' fees and costs in connection with this matter. *See id.* Plaintiff will receive his share of the settlement total (*i.e.*, $13,333.33) in fourteen monthly installments. *Id.* Plaintiff estimates that, if he were to prevail on all claims, "he would be entitled to approximately $47,135.04, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs." Fairness Letter at 2 (Dkt. 20). Thus, the settlement amount here, exclusive of attorneys' fees and costs—$13,333—represents approximately 28% of Plaintiff's total conceivable damages recovery of $47,135.04. This amount is fair "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). The Court thus finds that the parties' proposed settlement amount is fair and reasonable.

## B. Attorneys' Fees and Costs

The Court approves the requested award of attorneys' fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District, "particularly where it is pursuant to a previously negotiated retainer agreement." *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950(RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). The proposed settlement total of $20,000 allocates $6,666.67 in fees to Plaintiff's counsel, which amounts to 33% of the settlement amount. Plaintiff's counsel is also requesting less than what they claim they are entitled to under their retainer agreement. Fairness Letter at 3 (noting that Plaintiff's retainer agreements provide that Plaintiff's counsel is to receive 40% of the recovery it obtains). The Court thus approves the proposed attorneys' fees under the percentage of the fund method.

## C. Release

Plaintiff's release of claims is also reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

Here, Plaintiff's releases are all tied to his claims in this case or to wage-and-hour issues: he agrees to waive "any and all claims related to [his] wages or compensation that [he] may have against Defendants," and releases all claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of th[e] Agreement." Settlement Agreement and

Release ¶¶ 3, 5. This release is sufficiently narrow to survive judicial scrutiny, especially given that it appears to have been the "fair result of a balanced negotiation, in which Plaintiff[] w[as] represented by able counsel." *See Candido v. Prosperty 89 Corp.*, No. 17-CV-3310(RA), 2018 WL 4778918, at *2 (S.D.N.Y. Oct. 3, 2018) (noting that there is "nothing inherently unfair about a release of claims in an FLSA settlement" in such situations). The Court therefore finds that the release in the proposed settlement agreement is fair and reasonable.

### D. Non-Disparagement Clause

The settlement agreement here contains a non-disparagement clause. *See* Settlement Agreement and Release ¶ 12 (providing that Plaintiff "agrees that he will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Releases . . . to any other person . . . ."). Confidentiality and non-disparagement clauses are deemed unreasonable under the FLSA when they "inhibit[] one of the FLSA's primary goals—to ensure 'that all workers are aware of their rights.'" *Nights of Cabiria*, 96 F. Supp. 3d at 180. "[N]ot *every* non-disparagement clause in an FLSA settlement is *per se* objectionable," however, because "plaintiffs may contract away their right to say things that are insulting or calumnious about the defendants." *Id.* at 180 n.65 (emphasis in original). Thus, so long as non-disparagement clauses contain "a carve-out for truthful statements about plaintiffs' experience litigating their case," they may be fair and reasonable. *Id.*; *see also Santos v. El Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015). The non-disparagement clause here includes such a carve-out. *See* Settlement Agreement and Release ¶ 12 (providing that Plaintiff is not prohibited "from making truthful statements about [its] experiences litigating this case"). The Court therefore concludes that it is fair and reasonable in the context of this settlement.

4

## CONCLUSION

For the reasons stated above, the Court approves the proposed settlement agreement. Plaintiff's counsel will receive $6,666.67 of the settlement amount and the remaining $13,666.67 will go to Plaintiff in accordance with the payment schedule set out in the Settlement Agreement. The Clerk of Court is respectfully directed to terminate Defendants NMN Food LLC d/b/a Hummus Kitchen and Sharon Hoota from the caption in this case.

The remaining Defendants—Cohen, Odet Doe, and Ashley Doe—were served with a Summons and the Complaint, *see* Dkts. 16, 17, 19, but have not appeared nor responded to the Complaint, and their time to do so has passed. No later than December 21, 2018, Plaintiff shall notify the Court whether and how he intends to proceed with this case as against Defendants Cohen, Odet Doe, and Ashley Doe. If Plaintiff does not comply this deadline, the Court may dismiss the remainder of this action pursuant to Fed. R. Civ. P. 41(b).

SO ORDERED.

Dated: December 18, 2018
New York, New York

_____
Ronnie Abrams
United States District Judge